IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINCOLN PROPERTIES LLC**, formerly known as Snowbirds LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>**AMITABH PATHIK**,<br><br>        Defendant. | Case No. 3:24-cv-01832-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Robert E. Sabido, Sabido Law, LLC, 9385 SW Locust Street, Tigard, OR 97223. Attorney for Plaintiff.

Chad M. Colton and Stanton R. Gallegos, Markowitz Herbold PC, 1455 SW Broadway, Suite 1900, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Defendant Amitabh Pathik moves to set aside the Clerk's entry of default, ECF 9, under Federal Rule of Civil Procedure 55(c), ECF 12. Plaintiff Lincoln Properties LLC opposes the motion, ECF 19. This Court finds this matter appropriate for resolution without oral argument. *See* LR 7-1(d)(1). Finding good cause, this Court grants Defendant's motion. As discussed

PAGE 1 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

below, Defendant has not engaged in culpable conduct, he has asserted potentially meritorious defenses, and Plaintiff has not suffered prejudice. This Court declines Plaintiff's request to apply judicial estoppel at this stage, and further declines to impose Plaintiff's requested conditions.

## BACKGROUND

This is a civil lawsuit for breach of contract, unjust enrichment, and account stated, arising from Defendant's alleged failure to repay Plaintiff amounts due under a loan agreement. Complaint ("Compl."), ECF 1 ¶¶ 5, 9–24. Plaintiff filed this action on October 31, 2024. ECF 1. On December 16, 2024, Plaintiff filed a Motion for Entry of Default, ECF 7, and the Clerk of Court entered default against Defendant later that morning, ECF 9. Roughly two hours later, Defendant appeared for the first time, ECF 10–11, and four days later, Defendant filed the instant motion, ECF 12. Plaintiff has not moved for default judgment.

## DISCUSSION

This Court first addresses the merits of Defendant's motion and Plaintiff's request that this Court deny Defendant's motion on judicial estoppel grounds. Then this Court assesses whether the set-aside should be subject to any conditions.

**A.  Good Cause Exists to Set Aside Entry of Default**

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). Thus, a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine good cause, the court weighs three factors: (1) whether the defendant "engaged in culpable conduct that led to the default;" (2) whether the defendant lacked a "meritorious defense;" and (3) whether setting aside the default would prejudice the plaintiff. *Signed Pers. Check*, 615 F.3d

PAGE 2 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

at 1091. Considering these factors, this Court concludes that Defendant has demonstrated good cause to set aside the entry of default.

### 1. Culpable Conduct

Conduct is "culpable" if the defendant "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Signed Pers. Check*, 615 F.3d at 1092 (emphasis in original). "Intentionally" means that the defendant "acted with bad faith." *Id.* Bad faith is more than making "a conscious choice not to answer." *Id.* Examples of bad faith include "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (citation omitted).

There is no evidence that Defendant engaged in any culpable conduct that led to the default. Defendant attests that he is an Australian citizen unfamiliar with the U.S. court system. Declaration of Amitabh Pathik ("Pathik Decl."), ECF 13 ¶ 2. Defendant attempted to obtain counsel licensed in Oregon as soon as he received the complaint. *Id.* Defendant is a plaintiff in a related Australian lawsuit against third parties. Declaration of Alan Foster, ECF 20 ¶ 4. Before he could obtain Oregon counsel, Defendant consulted with his Australian attorneys. Pathik Decl., ECF 13 ¶ 2. Defendant experienced delays in communicating with potential Oregon counsel due to the time difference. *Id.* Defendant ultimately obtained counsel on December 16, 2024, *id.*, and noticed their appearance the same day—the business day after his responsive pleading was due.

Defendant's diligent attempts to obtain counsel before responding to this lawsuit do not amount to bad faith.[1] Thus, this factor weighs in Defendant's favor.

---

[1] Plaintiff argues that Defendant is "legally sophisticated" such that intentionality is presumed. Plaintiff's Opposition to Defendant's Motion to Set Aside Entry of Default ("Resp."), ECF 19 at 6 (purportedly quoting *Franchise Holding II v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)). This Court does not find on this record that Defendant is legally sophisticated. As the Ninth Circuit has held, "[i]t is sufficient to observe that [Defendant] is not a lawyer and that he was unrepresented at the time of the default[.]" *Signed Pers. Check*,

PAGE 3 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

## 2. Meritorious Defenses

As to the second factor, the defendant must "allege sufficient facts that, if true, would constitute a defense[.]" *Signed Pers. Check*, 615 F.3d at 1094. This is a "minimal" burden. *Id.* Here, Defendant anticipates asserting defenses of lack of subject matter jurisdiction, undue influence, fraud in the inducement, unconscionability, and factual defenses. Motion ("Mot."), ECF 12 at 3–6. This Court finds that Defendant's defenses are non-frivolous.

### a. Subject Matter Jurisdiction

Defendant intends to argue that there is incomplete diversity and thus no subject matter jurisdiction. Mot., ECF 12 at 3. Defendant has put forward evidence that he is a citizen of Australia. Pathik Decl., ECF 13 ¶ 2. Plaintiff is a limited liability company ("LLC"). Corporate Disclosure Statement, ECF 18 at 1. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has offered evidence that two of Plaintiff's owners are Australian citizens, Pathik Decl., ECF 13 ¶ 3, which, if true, would mean there are foreign citizens on both sides. Diversity cannot exist between a foreign plaintiff and foreign defendant. *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989). This defense is potentially meritorious.

### b. Undue Influence and Fraud in the Inducement

As to Plaintiff's breach of contract claim, Defendant intends to raise three defenses: undue influence, fraud in the inducement, and unconscionability. Mot., ECF 12 at 5–6. Defendant submits evidence to support these defenses.

---

615 F.3d at 1093. Defendant's experience with the Australian court system and conversations with Australian counsel hardly make him sophisticated with respect to United States federal court.

Defendant attests that his transactions with Plaintiff were through Geoffrey Slater, a representative of Plaintiff, who was Defendant's friend and legal advisor at the time. Pathik Decl., ECF 13 ¶ 3. Defendant states that Mr. Slater "urged" Defendant to sign a loan agreement after verbally promising Defendant that Defendant would not be required to pay any interest. *Id.* ¶ 4. Defendant states that Defendant later told Mr. Slater that he was prepared to repay the loan principal, but Mr. Slater told Defendant not to repay those amounts and continued to tell Defendant that Defendant would not be required to pay interest. *Id.* ¶¶ 5–6. Defendant states that he would not otherwise have agreed to the interest rate provided in the loan agreement. *Id.* ¶ 6. Defendant further attests that he made seventeen payments against the principal amounts—all he believed that was required. *Id.* ¶ 9.

These facts, if true, may suggest that there was a "confidential relationship" between Defendant and Mr. Slater, as his legal advisor, and that Mr. Slater unduly influenced him. *See Smith v. Ellison*, 171 Or. App. 289, 294 (2000) ("[W]hen there is a confidential relationship between the parties, only slight evidence is necessary to establish undue influence."). These facts also support Defendant's defense that Plaintiff, through Mr. Slater, "made a false representation of material fact" to Defendant—that he would not be required to repay any interest—and that this "induced [Defendant] to enter the agreement in reliance on that misrepresentation." *State by & through Bus. Dev. Dep't v. Huttenbauer*, 301 Or. App. 332, 344–45 (2019).

### c. Factual Defenses

Defendant has raised factual disputes that give rise to potentially meritorious defenses to Plaintiff's unjust enrichment and account stated claims.

Under Oregon law, "in order to prevail on an unjust enrichment claim, a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the

PAGE 5 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

defendant to retain the benefit without paying for it." *Cumming v. Nipping*, 285 Or. App. 233, 238–39 (2017) (citation omitted). Defendant has put forward facts to challenge the third prong. Defendant attests that Plaintiff, through Mr. Slater, agreed that Defendant would not be required to pay interest "due to prior work [he] had done for [Slater's] businesses." Pathik Decl., ECF 13 ¶ 4. Defendant further states that he attempted to pay back the principal, but Mr. Slater told him not to do so and that Defendant would not be charged interest. *Id.* ¶¶ 5–6. Under these circumstances, if true, it may not be "unjust" for Defendant to retain the benefit.

Under Oregon law, an account stated claim requires an "agreement as to the amount of a financial obligation." *Portfolio Recovery Assocs., LLC v. Sanders*, 366 Or. 355, 377 (2020). Defendant has put forward evidence to dispute that either he or Plaintiff agreed on the amount, if any, that was due. *See* Pathik Decl., ECF 13 ¶¶ 4–6.

Accordingly, this factor weighs in favor of setting aside default.[2]

### 3. Prejudice

Finally, as to prejudice, the harm must be greater "than simply delaying resolution of the case." *Signed Pers. Check*, 615 F.3d at 1095 (citation omitted). Plaintiff will not be prejudiced by the setting aside of the default. Plaintiff commenced this case three months ago. The brief delay will not "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" or in any way hinder Plaintiff's ability to pursue its claims. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted). Being forced to litigate on the merits, and the ensuing costs, is not prejudicial. *Id.*; *see also* Compl. ECF 1, Ex. 1 ¶ 8(g) (providing that Defendant shall pay Plaintiff's legal costs to

---

[2] This Court need not address Defendant's proposed defense of unconscionability, or the defenses raised for the first time on reply (in pari delicto and unclean hands). ECF 22 at 10.

PAGE 6 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

enforce loan collection). Plaintiff argues that setting aside the entry of default would result in a "windfall" to Defendant, Response, ("Resp."), ECF 19 at 17, but if anything, granting Defendant's motion will even the field:

> A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation.

*TCI Grp.*, 244 F.3d at 701. This factor weighs in Defendant's favor.

### 4. Judicial Estoppel

Plaintiff argues that this Court should nevertheless refuse to set aside the default under the doctrine of judicial estoppel. Resp., ECF 19 at 8–12. This Court disagrees.

"[F]ederal law governs the application of judicial estoppel in federal court." *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 603 (9th Cir. 1996). Judicial estoppel bars litigants from making incompatible statements in the same case or two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Its purpose is to prevent parties from playing "fast and loose" with the courts. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). However, "judicial estoppel is a powerful weapon to employ against a party seeking to vindicate its rights, and there are often lesser weapons that can keep alleged inconsistent statements in check while preserving a party's option to have its day in court." *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 993 (10th Cir. 2014).

Whether to apply judicial estoppel is at the court's discretion. *New Hampshire*, 532 U.S. at 750. Three factors guide when to apply judicial estoppel: (1) the party's later position is "clearly inconsistent" with its earlier position; (2) the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;"

PAGE 7 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

and (3) the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51 (citation omitted).

Plaintiff argues that setting aside the entry of default "would allow [Defendant] to take a position in this case that clearly contradicts the positions he took—to his financial benefit—in a related Australian case and with the Australian Taxation Office." Resp., ECF 19 at 1. According to Plaintiff, Defendant's prior position in the Australian case is that Defendant is liable for interest to Plaintiff, so Defendant cannot now dispute that he owes Plaintiff interest. *Id.* at 10. In response, Defendant argues that judicial estoppel is not an appropriate inquiry at this procedural posture under Ninth Circuit precedent, Reply, ECF 22 at 10 (citing *Signed Pers. Check*, 615 F.3d at 1094), and that the judicial estoppel factors are not satisfied here. *Id.* at 10–12.

This Court finds it is premature to invoke judicial estoppel at this stage. Plaintiff does not provide any case law applying judicial estoppel in the default context, and this Court is unaware of any such authority. Courts generally cannot make factual determinations on a motion to set aside the entry of default, *Signed Pers. Check*, 615 F.3d at 1094, and enforcement of judicial estoppel depends on the facts, including whether Defendant's current assertions are "clearly inconsistent" with his prior assertions, whether the prior assertions were accepted by the Australian tribunal, and whether Defendant is playing "fast and loose" with the courts. These facts are fiercely disputed, *see* Reply, ECF 22 at 10–12, and not yet ready for resolution.

\* \* \*

All three factors are satisfied, and the record is devoid of any "extreme circumstances" warranting default. This Court finds good cause to set aside the entry of default. This conclusion will not allow Defendant to "violate the integrity of the judicial process," Resp., ECF 19 at 18,

PAGE 8 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

but is rather honoring the judiciary's "commitment to deciding cases on the merits whenever possible." *Signed Pers. Check*, 615 F.3d at 1091.

**B.  Conditioning the Set Aside Is Not Warranted**

While Rule 55 is silent as to sanctions, the Ninth Circuit held that courts may, in certain circumstances, "condition setting aside a default upon the payment of a sanction." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–47 (9th Cir. 1988) (per curiam). Plaintiff requests "the following conditions:"

> (1) Pathik consents to the appointment of a receiver over the proceeds of the Australian Lawsuit while the Oregon Lawsuit is pending, in order to preserve the status quo, or (2) alternatively, as a matter of equity, an order requiring Pathik to formally notify the court in the Australian Lawsuit and the Australian Taxation Office of his denial of liability to pay the interest owed under the Loan Agreement within 14 days; and (3) in any event, pay the attorneys' fees and costs Snowbirds has incurred to obtain the default and to respond to his motion to set aside.

Resp., ECF 19 at 19. Defendant opposes. Reply, ECF 22 at 14–15.

This Court declines to impose any conditions or sanctions. First, Plaintiff has not moved for appointment of a receiver and has not briefed the applicable factors. *See* Fed. R. Civ. P. 66; *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843–44 (9th Cir. 2009) (holding federal law governs when to appoint a receiver in a diversity action and enumerating receivership factors). Second, unlike in *Nilsson*, the facts here do not warrant an award of attorney's fees. *Cf. Nilsson*, 854 F.2d at 1547 (noting defendants "followed a deliberate, willful, studied course of frustrating plaintiff's attempts at discovery, complicating proceedings, and ignoring court orders" and default was entered three times). Defendant has not engaged in sanctionable conduct and there is no prejudice to Plaintiff to rectify. Thus, these conditions are not appropriate or necessary.

PAGE 9 – OPINION & ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

## CONCLUSION

Defendant's Motion to Set Aside Entry of Default, ECF 12, is GRANTED. The Clerk's Entry of Default, ECF 9, is SET ASIDE. Defendant's responsive pleading is due within twenty-one (21) days of the issuance of this Opinion.

**IT IS SO ORDERED.**

DATED this 27th day of February, 2025.

                                              /s/ Karin J. Immergut
                                              Karin J. Immergut
                                              United States District Judge